UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HELM HOBBS, by and through his Power of Attorney, Christopher Hobbs,<br><br>                        Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br>                       Defendant. | Case No.: 21-cv-01700-AJB-JLB<br><br>**ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM**<br>**(Doc. No. 23)** |

Before the Court is Plaintiff Thomas Helm Hobbs' ("Plaintiff") motion for appointment of guardian ad litem. (Doc. No. 23.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

**I.    BACKGROUND**

In the instant motion, Plaintiff seeks appointment of a guardian ad litem on his behalf. Plaintiff's counsel explains that Plaintiff suffers from a major neurocognitive disorder due to multiple causes including possible Alzheimer's disease. (Doc. No. 30 at 2.) As a result, Plaintiff suffers from poor memory and requires help with decision making. (*Id.*; Doc. No. 23-7 at 2.)

///

1

Plaintiff seeks appointment of his son, Christopher Hobbs, to serve as his guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c)(2). Christopher Hobbs currently serves as Plaintiff's attorney-in-fact pursuant to a durable power of attorney. (Doc. No. 23-1 at 3.) Moreover, Plaintiff is not conserved and there appear to be no conflicts of interest between Christopher Hobbs and Plaintiff. (*Id.*)

## II.  LEGAL STANDARD

Rule 17(c) establishes certain rules regarding representation of minors and incompetent persons in federal court actions. First, for individuals "with a representative," the Rule provides that "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). Second, for individuals "without a representative," the Rule provides that "[a] minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). "As a general matter, the decision whether to appoint a guardian ad litem is 'normally left to the sound discretion of the trial court.'" *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)).

## III.  DISCUSSION

An individual's capacity to sue is determined "by the law of the individual's domicile[,]" Fed. R. Civ. P. 17(b), which here is California law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. 09–04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001)).

Under California law, evidence of incompetence may be drawn from various

sources, but the evidence relied upon must "speak . . . to the court's concern . . . whether the person in question is able to meaningfully take part in the proceedings." *In re Christina B.*, 19 Cal. App. 4th 1441, 1450 (1993). California law adopts a broad view of relevance, and a state court of appeal has emphasized a trial judge's "duty . . . to clearly bring out the facts." *In re Conservatorship of Pamela J.*, 133 Cal. App. 4th 807, 827–28 (2005). The court's first-hand observations of and interactions with the person may inform a court's decision. *See Guardianship of Walters*, 37 Cal. 2d 239, 249 (1951); *see also In re McConnell's Estate*, 26 Cal. App. 2d 102, 106 (1938). Likewise, a federal judge may elicit evidence by direct questioning. *See, e.g.*, *United States v. Lopez-Martinez*, 543 F.3d 509, 513 (9th Cir. 2008); *United States v. Larson*, 507 F.2d 385, 389 (9th Cir. 1974).

In the instant matter, neither Plaintiff nor Defendant have objected to appointment of a guardian ad litem. No opposition has been filed. There being no opposition, and based on the representations of Plaintiff's counsel, the Court finds it necessary to take measures to adequately protect Plaintiff in this litigation in accordance with Rule 17(c). Additionally, the Court does not find a conflict between the interests of Christopher Hobbs and Plaintiff such that Christopher Hobbs is an unsuitable guardian ad litem. Additionally, as Plaintiff's son, Christopher Hobbs is presumed to act in Plaintiff's best interests and there is nothing to undermine that presumption.

### IV.   CONCLUSION

For the reasons stated, the Court **APPOINTS** Christopher Hobbs as guardian ad litem for Plaintiff Thomas Helm Hobbs for the purposes of this action only.

**IT IS SO ORDERED.**

Dated:  January 10, 2022

Hon. Anthony J. Battaglia
United States District Judge